UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

MALINKA TACUMA WADE MOYE,

Plaintiff,

v.

MAGISTRATE SBA, et al.,

Defendants.

Case No.  14-cv-04347-YGR (PR)

**ORDER PARTIALLY VACATING OCTOBER 7, 2014 ORDER OF RECUSAL; AND ORDERING PLAINTIFF TO SHOW CAUSE WHY PAUPER STATUS SHOULD NOT BE DENIED AND ACTION SHOULD NOT BE DISMISSED**

## BACKGROUND

Malinka Tacuma Wade Moye, a pre-trial detainee, filed the instant pro se civil rights action.  He is currently being detained at Napa State Hospital, and there appears to be pending criminal charges against him in state court.  Plaintiff has also filed a motion for leave to proceed *in forma pauperis* ("IFP").  Dkt. 15.

The following background, taken from an Order issued by Judge Edward M. Chen, explains Plaintiff's vexatious litigant status in this Court and in state court:

> Mr. Moye is no stranger to this Court or the state courts.  In 2006, he was declared a vexatious litigant under state law by the San Francisco County Superior Court and ordered not to file any new actions in state court without first obtaining leave of court do so. *See Moye v. Baca*, San Francisco County Superior Court Case No. CGC-06-450461 (August 11, 2006 order).  Mr. Moye then became quite active in the federal court.  After he had filed about 20 meritless actions in this Court, Judge Alsup declared him to be a vexatious litigant on December 21, 2009 and subjected him to pre-filing review in future cases.  *See* Docket # 30 in *Moye v. City and County of San Francisco*, N.D. Cal. Case No. C 09-3892 WHA. Judge Alsup's pre-filing review order mentioned that Mr. Moye was listed as a party in about 80 actions of various types in the San Francisco County Superior Court, most of which were filed by Mr. Moye and many of which had defendants with the same names as the defendants filed in federal court.  *Id.* at 3.  That pre-filing review order was later modified to exclude from pre-filing review the actions Moye filed while in custody because prisoner cases already are subject to a separate screening under 28 U.S.C. § 1915A. Docket # 2 in *In re: Moye*, N.D. Cal. Case No. C 14-80177 RS.

Dkt. 13 in Case No. C 14-2533 EMD (PR) at 1-2.  The Court notes that recently, during a six-week span from June to July 2014, Plaintiff filed eighteen actions from the confines of the San

United States District Court
Northern District of California

Francisco County Jail.  In reviewing seventeen of these actions,[1] Judge Chen noted that each complaint was "a rambling jumble of ideas that is largely incomprehensible."  *Id.* at 3.  Judge Chen added that Plaintiff had alleged a "grab-bag of legal claims against the defendants in each action, mentioning numerous constitutional provisions, statutes and torts, but fail[ed] to allege an understandable set of facts to go with any of those constitutional provisions, statutes and torts." *Id.*  These seventeen complaints were then dismissed for failure to state a claim upon which relief may be granted, but leave to amend was granted so that Plaintiff could file an amended complaint in each action that cured the several deficiencies addressed by Judge Chen.  *Id.*  All seventeen actions have since been dismissed for failure to state a claim for relief.  Plaintiff has appealed these dismissals to the Ninth Circuit Court of Appeals.  Most of his appeals have been dismissed and mandates have been issued, but there are some appeals that are still pending in the Ninth Circuit.  Abusive filings by prisoners are subject to 28 U.S.C. § 1915(g), which generally disallows pauper status for a prisoner who has had three or more actions dismissed on the grounds that they were frivolous, malicious or failed to state a claim.  However, at that time, section 1915(g) did not yet apply to Plaintiff because he had not yet accumulative enough dismissals in non-habeas actions[2] that were filed while he was a prisoner and have become final judgments.[3]  As further explained below, section 1915(g) may now apply to Plaintiff.

---

[1] The eighteenth action filed during that six-week period, *Moye v. Napa State Hospital*, No. C 14-3121 EMC (PR), alleged that Plaintiff had been admitted improperly to Napa State Hospital.  That action has been dismissed for failure to state a claim upon which relief may be granted and because the *Younger* abstention is required as to the claims arising from the state court criminal case against Plaintiff.  Dkt. 21 in Case No. C 14-3121 EMC (PR) (citing *Younger v. Harris*, 401 U.S. 37, 43-54 (1971) (Under principles of comity and federalism, a federal court should not interfere with ongoing state criminal proceedings by granting injunctive or declaratory relief absent extraordinary circumstances.)).

[2] A dismissal of a habeas petition does not count as a strike under section 1915(g). *Andrews v. King*, 398 F.3d 1113, 1122 (9th Cir. 2005) ("*Andrews I*").  However, if the habeas petition was actually a challenge to prison conditions (such that it was really a mislabeled section 1983 action), the district court may determine that the dismissal of the habeas petition does in fact count as a strike for purposes of section 1915(g).  *See id.* at 1123 n.12.

[3] A district court's dismissal of case does not count as a strike under section 1915(g) until the dismissal becomes final, that is, until the prisoner has waived or exhausted his opportunity to appeal.  *Silva v. Di Vittorio*, 658 F.3d 1090, 1100 (9th Cir. 2011).  This means that a dismissal ripens into a strike for section 1915(g) purposes on the date of the Supreme Court's denial or dismissal of a petition for writ of certiorari, if the prisoner filed one, or from the date when the time to file a petition for writ of certiorari expired, if he did not (which is usually ninety days after entry of the order denying discretionary review).  *Id.*

United States District Court
Northern District of California

1       Before the Court is Plaintiff's twenty-page handwritten complaint, which names the

2  following Defendants: "Magistrate SBA," "Magistrate JL," "Magistrate EMC," "Magistrate PJH,"

3  and "Magistrate WHA."  Dkt. 1 at 1, 3-5.

4       On October 6, 2014, Judge Chen issued an order of recusal and for reassignment, and on

5  the same date, this case was assigned to Judge Beth Labson Freeman.  Dkts. 3, 4.

6       On October 7, 2014, Judge Freeman issued an order of recusal and for reassignment.  Dkt.

7  5.  In that October 7, 2014 Order, Judge Freeman stated: "Given that judges of this District are

8  named Defendants in this matter, the Clerk of Court shall notify the Executive Committee for

9  further reassignment of this case outside of this District."  *Id.* at 1.

10       Even though Judge Freeman gave the directive above, this case was inadvertently

11  reassigned to the undersigned Judge.  Dkt. 6.  This Court now reconsiders Judge Freeman's

12  October 7, 2014 Order, finds that reassignment of this case *outside this District* is unwarranted,

13  and VACATES that portion of her Order.

14       The instant complaint is now before this Court for review under 28 U.S.C. § 1915A.  In

15  addition, Plaintiff has filed the following motions, entitled: "Motion for Trial for Damages . . ."

16  and "Ex Parte Application for Trial by Jury . . . ."  Dkts. 12, 14.

17  **DISCUSSION**

18       A federal court must conduct a preliminary screening in any case in which a prisoner seeks

19  redress from a governmental entity or officer or employee of a governmental entity.  28 U.S.C.

20  § 1915A(a).  In its review, the court must identify any cognizable claims and dismiss any claims

21  that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek

22  monetary relief from a defendant who is immune from such relief.  *Id.* § 1915A(b)(1), (2).  *Pro se*

23  pleadings must be liberally construed.  *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th

24  Cir. 1988).

25       In the instant matter, Plaintiff has submitted another civil rights action that contains

26  conclusory allegations and is largely incomprehensible.  Although the Court has difficulty

27  deciphering Plaintiff's handwriting and does not understand a majority of his allegations, it

28  appears that he may be trying to complain about court rulings by federal judges and adverse

3

United States District Court
Northern District of California

1   decisions in earlier cases.  However, any claim against an individual judge for his or her rulings

2   would have to be dismissed because judges have absolute judicial immunity for their actions taken

3   in their judicial capacity.  *See Moore v. Brewster*, 96 F.3d 1240, 1243 (9th Cir. 1996), *superseded*

4   *by statute on other grounds as stated in Cobb v. JPMorgan Chase Bank, N.A.*, 2012 WL 5335309,

5   at *3 (N.D. Cal. Oct. 26, 2012); *Mullis v. U.S. Bankruptcy Court*, 828 F.2d 1385, 1394 (9th Cir.

6   1987).  Plaintiff could be given an opportunity to amend his complaint, but the record shows that

7   his past efforts to do so in his previous cases have been unsuccessful.  In any event, before the

8   Court decides whether or not to grant Plaintiff leave to amend his complaint, it seems that he may

9   not be eligible for pauper status in order to proceed with this action because section 1915(g) may

10   now apply to him.

11         The Prison Litigation Reform Act of 1995 ("PLRA") was enacted, and became effective,

12   on April 26, 1996.  To elaborate on what the Court mentioned above, the PLRA provides that a

13   prisoner may not bring a civil action IFP under section 1915 "if the prisoner has, on 3 or more

14   prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a

15   court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails

16   to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of

17   serious physical injury."  28 U.S.C. § 1915(g).  Section 1915(g) requires that this Court consider

18   prisoner actions dismissed before, as well as after, the statute's 1996 enactment.  *Tierney v.*

19   *Kupers*, 128 F.3d 1310, 1311-12 (9th Cir. 1997).  Section 1915(g) is commonly referred to as the

20   "three strikes rule," which "requires so-called 'frequent filer' prisoners to prepay the entire filing

21   fee before federal courts may consider their civil actions and appeals."  *Kinnell v. Graves*, 265

22   F.3d 1125, 1127 (10th Cir. 2001).

23         For purposes of a dismissal that may be counted under section 1915(g), the phrase "fails to

24   state a claim on which relief may be granted" parallels the language of Federal Rule of Civil

25   Procedure 12(b)(6) and carries the same interpretation, the word "frivolous" refers to a case that is

26   "of little weight or importance: having no basis in law or fact," and the word "malicious" refers to

27   a case "filed with the 'intention or desire to harm another.'"  *Andrews I*, 398 F.3d at 1121 (citation

28   omitted).  Only cases within one of these three categories can be counted as strikes for section

4

1915(g) purposes; therefore, the mere fact that Plaintiff has filed many other cases in this Court and the Ninth Circuit does not alone warrant dismissal under section 1915(g). *See id.* Dismissal of an action under section 1915(g) should only occur when, "after careful evaluation of the order dismissing an [earlier] action, and other relevant information, the district court determines that the action was dismissed because it was frivolous, malicious or failed to state a claim." *Id.*

*Andrews I* requires that the prisoner be given notice of the potential applicability of section 1915(g), by either the district court or the defendants, but also requires the prisoner to bear the ultimate burden of persuasion that section 1915(g) does not bar pauper status for him. *Id.*

A dismissal under section 1915(g) means that a prisoner cannot proceed with his action as a pauper, but he still may pursue his claims if he pays the full filing fee at the outset of the action. *See Tierney v. Kupers*, 128 F.3d 1310, 1311-12 (9th Cir. 1997) (affirming district court's denial of IFP status and dismissing complaint without prejudice under section 1915(g)).

A review of the dismissal orders in Plaintiff's many prior prisoner actions and appeals reveals that he has had at least three such actions or appeals dismissed on the grounds that they were frivolous, malicious, or failed to state a claim upon which relief may be granted. Plaintiff is now given notice that the Court believes the following dismissals may be counted as dismissals for purposes of section 1915(g): (1) *Moye v. City & Cnty. of S.F.*, No. C 13-1240 EMC (PR) (N.D. Cal. Nov. 25, 2013) (civil rights action dismissed as frivolous); (2) *Moye v. Gascon*, No. C 13-1821 PJH (PR) (N.D. Cal. May 16, 2013) (civil rights action filed using habeas petition form[4] and dismissed as duplicative[5]); (3) *Moye v. United States Gov't*, No. C 13-2173 EMC (PR) (N.D. Cal. Dec. 20, 2013) (civil rights action dismissed for failure to state a claim); and (4) *Moye v. People of the State of Cal.*, No. 13-5624 PJH (PR) (N.D. Cal. Dec. 11, 2013) (civil rights action removed from state court, pursuant to 28 U.S.C. § 1443, and dismissed as duplicative). In addition, there will be another one that may be counted as a dismissal for purposes of section 1915(g), as of May

[4] *See supra* note 2.
[5] *See Cato v. United States*, 70 F.3d 1103, 1105 n.2 (9th Cir. 1995) (complaint with the same allegations as in an earlier complaint that had been dismissed was properly dismissed under section 1915 as frivolous or malicious); *Bailey v. Johnson*, 846 F.2d 1019, 1021 (5th Cir. 1988) (duplicative or repetitious litigation of virtually identical causes of action is subject to dismissal under 28 U.S.C. § 1915 as malicious).

United States District Court
Northern District of California

27, 2015, when the dismissal becomes final in *Moye v. Lang*, No. C 14-2791 EMC (PR) (N.D. Cal. Oct. 8, 2014) (civil rights action dismissed for failure to state a claim).  Plaintiff therefore may proceed *in forma pauperis* only if he is seeking relief from a danger of serious physical injury which is "imminent" at the time of filing.  *See Abdul-Akbar v. McKelvie*, 239 F.3d 307, 312 (3d Cir. 2001) (en banc); *Medberry v. Butler*, 185 F.3d 1189, 1192-93 (11th Cir. 1999); *Ashley v. Dilworth*, 147 F.3d 715, 717 (8th Cir. 1998); *Banos v. O'Guin*, 144 F.3d 883, 885 (5th Cir. 1998). Upon reviewing the complaint, the Court finds that Plaintiff did not appear to be under imminent danger of serious physical injury when he filed the complaint.  Accordingly, in light of these dismissals, and because the imminent danger exception does not apply, Plaintiff is ORDERED TO SHOW CAUSE in writing, why pauper status should not be denied and this action should not be dismissed pursuant to 28 U.S.C. § 1915(g), as explained below.

### CONCLUSION

For the reasons outlined below, the Court orders as follows:

1.      Reassignment of this case outside this District is unwarranted; therefore, the Court reconsiders and VACATES that portion of Judge Freeman's October 7, 2014 Order.  Dkt. 5.

2.      Plaintiff is ORDERED TO SHOW CAUSE in writing filed no later than **twenty-eight (28) days** from the date of this Order, why pauper status should not be denied and this action should not be dismissed pursuant to 28 U.S.C. § 1915(g).  Although the Court has listed more than three dismissals, only *three* prior dismissals need qualify under section 1915(g).  In the alternative to showing cause why this action should not be dismissed, Plaintiff may avoid dismissal by paying the full $400.00 filing fee by the deadline.

3.      In light of the fact that this action could be dismissed pursuant to 28 U.S.C. § 1915(g), Plaintiff's aforementioned pending motions are DENIED without prejudice to re-filing if he survives dismissal.  Dkts. 12, 14.

4.      This Order terminates Docket Nos. 12 and 14.

IT IS SO ORDERED.

Dated:  May 4, 2015

_____
YVONNE GONZALEZ ROGERS
United States District Judge

United States District Court
Northern District of California

6